**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TINA KOHLER, individually and as representative of the ESTATE OF RICHARD KOHLER,**<br><br>Plaintiffs,<br><br>*v.*<br><br>**DEAN MANUTTI and OCEAN PORT ENTERPRISE, INC.,**<br><br>Defendants. | **CIVIL ACTION**<br><br>**No. 26-1790-KSM** |

**MEMORANDUM**

**MARSTON, J.**                                                                                           **July 22, 2026**

On February 10, 2026, Plaintiff, acting as the representative of her late husband, Richard P. Kohler's estate, initiated this action against Defendants Dean Manutti and Ocean Port Enterprise Inc. ("Ocean Port") in the Bucks County Court of Common Pleas related to "the winding up and dissolution of Ocean Port." (Doc. No. 6.) On March 26, 2026, Ocean Port removed this action to this Court, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. (Doc. No. 6 at 1.) Fourteen days later, Plaintiff filed a motion to remand the case to Pennsylvania state court. (Doc. No. 16.) Presently before the Court is Plaintiff's motion to remand, Defendants' partial opposition to the motion to remand and cross-motion to transfer, Plaintiff's response in opposition, and Defendants' reply. (See Doc. Nos. 20–25.) For the reasons below, the Court grants Plaintiff's motion to remand.

I.      **FACTUAL BACKGROUND**

Plaintiff Tina Kohler, as representative of the Estate of Richard P. Kohler, alleges that Mr. Kohler, her late husband, and Defendant Manutti each owned a 50 percent interest in

1

Defendant Ocean Port.  (Doc. No. 6 at 11.)  According to Plaintiff, Ocean Port is a corporation incorporated in Pennsylvania with a principal place of business in Yardley, Pennsylvania.  (*Id.*)  Richard Kohler and Manutti were allegedly the sole officers of Ocean Port, however, they have no "valid or executed written shareholder agreement regarding their ownership of Ocean Port."  (*Id.*)  In her Complaint, Plaintiff asserts that Ocean Port was formed for the purpose of owning and leasing a property located at 2 Pearl Street, Trenton, New Jersey (hereinafter, "the Property").  (*Id.*)  She alleges that Defendant Manutti is in "sole control and possession of the Property" despite their 50 percent ownership split.  (*Id.*)  Plaintiff claims that "Manutti excluded Richard P. Kohler and now Tina Kohler and the Estate . . . from the operations at the Property, [and] that has continued since the death of Richard P. Kohler."  (*Id.* at 12.)  She also claims that Manutti has opened and maintained bank accounts in the name of Ocean Port without her consent and continues to maintain "exclusive possession and control of certain financial accounts of Ocean Port."  (*Id.*)  In addition, Plaintiff claims that Manutti initiated a lawsuit on behalf of Ocean Port against Fox Glass of New Jersey, Inc. without the consent of her husband related to a lease "that Manutti unilaterally created without the knowledge or consent of Richard P. Kohler."  (*Id.*)  Prior to his death, Mr. Kohler "disavowed the filing of such suit, took the position that it was filed without authority, and sought to have the lawsuit withdrawn."  (*Id.*)  Since Mr. Kohler's death, Plaintiff has continued his efforts to have the lawsuit withdrawn.  (*Id.*)  As a result of these actions, Plaintiff has demanded that Manutti purchase her share of Ocean Port, sell the Property, and provide a full accounting of Ocean Port's financial records and accounts, all of which he has refused.  (*Id.* at 13.)

Plaintiff alleges that these actions by Manutti in combination with her interest in the corporation have resulted in a complete "deadlock[]" in the direction and management of Ocean

Port that can only be resolved either through the dissolution of Ocean Port or an order that Manutti and/or Ocean Port purchase Kohler's shares of Ocean Port at fair market value. (*Id.* at 15–16). In Count I, Plaintiff seeks the dissolution of Ocean Port pursuant to 16 Pa. Stat. & Cons. Stat. § 1981, and in the alternative, in Count II, she seeks judicial proceedings in the absence of an agreement to purchase pursuant to 15 Pa. Stat. & Cons. Stat. § 2325(f). (*Id.* at 13–17.)

## II.    PROCEDURAL HISTORY

On February 10, 2026, Plaintiff initiated this action against Defendants Manutti and Ocean Port in the Bucks County Court of Common Pleas. (Doc. No. 6.) On March 26, 2026, Ocean Port removed this action to this Court, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. (Doc. No. 6 at 1.) On April 9, 2026, Plaintiff filed a motion to remand the case to Pennsylvania state court. (Doc. No. 16.) On April 23, 2026, Defendant Ocean Port filed a partial opposition to Plaintiff's motion to remand and cross-motion to transfer the case to the District of New Jersey (Doc. No. 20), which Defendant Manutti joined (Doc. No. 21). On May 7, 2026, Plaintiff filed a brief in opposition to Defendant Ocean Port's cross-motion to transfer. (Doc. No. 23.) Then, on May 14, 2026, Defendant Ocean Port filed a Letter Reply Brief in further support of its cross-motion to transfer (Doc. No. 24), which Defendant Manutti joined (Doc. No. 25). As this matter is fully briefed, it is ripe for resolution.

## III.    LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). "[T]he burden is on the removing party to establish federal jurisdiction." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d

Cir. 2013) (citation omitted).  "The removal statute should be strictly construed and all doubts

resolved in favor of remand."  *Id.* (internal quotation marks and citations omitted).  28 U.S.C.

§ 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Remand to state court is therefore appropriate for "(1) lack of district court subject matter

jurisdiction or (2) a defect in the removal process."  *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352

(3d Cir. 1993).

## IV.    DISCUSSION

Plaintiff's motion to remand argues that the forum defendant rule precludes Defendant

Ocean Port from removing this case since both Defendants Ocean Port and Manutti are

Pennsylvania citizens.  (Doc. No. 16.)  In response, Defendants concede that Plaintiff "has

properly and timely invoked the forum defendant rule" but nonetheless argue that the "the

interests of practicality and judicial efficiency" dictate that "in lieu of remanding this matter to

Pennsylvania state court, this matter should instead be transferred to the District of New Jersey,

where a related and intertwined matter remains pending."  (Doc. No. 20 at 2.)  The Court agrees

with Plaintiff and will remand the case.[1]

---

[1] "When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand."  *Emmett v. Citrix Systems, Inc*., No. 25cv546, 2025 WL 1919561, at *3 (W.D. Pa. July 11, 2025) (citing *Callen v. Callen*, 827 F. Supp. 2d 214, 215 (S.D.N.Y. 2011)).  Here, the Court begins with Plaintiff's motion to remand and because we find that remand is proper, the Court declines to address Defendant's cross-motion to transfer.

Where federal jurisdiction is established solely on the basis of jurisdiction under 28 U.S.C. § 1332(a), the action may not be removed "if *any* of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 USC § 1441(b)(2) (emphasis added). This statutory text is commonly known as the forum defendant rule. *See, e.g.*, *Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 153 (3d Cir. 2018). While removal based on diversity affords out-of-state defendants protection against the risk of local prejudice, the forum defendant exception reflects Congress's judgement that this risk is eliminated when a defendant is sued in its home state. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 624 F.Supp.2d at 409. The rule serves to prevent a defendant from using removal procedures to "[stymie] the Plaintiff's choice of forum" when there is little risk of prejudice against it. *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017). "In general, a district court should remand an action it finds to have been removed in violation of the forum defendant rule." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009). The forum defendant rule must be invoked within 30 days by a plaintiff, or it is deemed waived, and the matter remains before the federal court. 28 U.S.C. § 1447(c).

Here, it is undisputed that Defendant Ocean Port removed this action from the Pennsylvania Court of Common Pleas to this Court based on diversity jurisdiction between the parties and an amount in controversy exceeding $75,000 pursuant to 28 U.S.C. § 1332. (Doc. No. 6). For purposes of diversity, Plaintiff is a citizen of Florida (Doc. No. 6 at 10), Defendant Manutti is a citizen of Pennsylvania (Doc. No. 6 at 11), and Defendant Ocean Port is a corporation that is incorporated in Pennsylvania and maintains a principal place of business in

5

Pennsylvania[2] (Doc. No. 6 at 11).  As such, because at least Defendant Manutti is a citizen of

Pennsylvania, *see supra* n.2, once the case was removed, Plaintiff properly invoked the forum

defendant rule in moving to remand within the 30-day window.  (*See* Doc. No. 16.)

Ocean Port concedes that Plaintiff's invocation of the forum defendant rule was valid

(*see* Doc. No. 20 at 2 ("Ocean Port recognizes that Kohler has properly and timely invoked the

forum defendant rule")), but nonetheless urges the court to transfer the case due to a related

action in New Jersey because the forum defendant rule is a "procedural rule" rather than a

"jurisdictional rule."  (Doc. No. 20 at 2.)

Defendants argue that "it has been repeatedly held that the forum defendant rule is

procedural rather than jurisdictional." (Doc. No. 20 at 6). Contrary to Defendants' assertion, the

Third Circuit has not distinguished between "procedural" and "jurisdictional" defects when it

comes to requiring remand due to a defect in the removal process.  Rather, when a motion to

remand is challenged, the Third Circuit has determined that removal statutes are to be applied

conservatively with remand being the favored outcome.  *Batoff v. State Farm Ins. Co*., 977 F.2d

848, 851 (3d Cir. 1992) ("[R]emoval statutes are to be strictly construed against removal and all

doubts should be resolved in favor of remand"); *see also Dietz v. Avco Corp*., 168 F.Supp.3d

747, 752 (E.D. Pa. 2016) ("If a federal court determines that it does not have subject matter

jurisdiction over a removed action, *or if the proper removal procedures were not followed by*

---

[2] In Ocean Port's notice of removal, Ocean Port asserts that the Complaint "incorrectly" contends that Ocean Port's principal place of business is in Pennsylvania.  He asserts that the principal place of business for Ocean Port is in Trenton, New Jersey, and thus Defendant Ocean Port is a citizen of New Jersey.  (*Id*.)  However, the Ocean Port articles of incorporation attached to Plaintiff's Complaint identifies Pennsylvania as the state of incorporation. (Doc. No. 6 at 60.)  Irrespective of the citizenship of Ocean Port, diversity exists between the Plaintiff and Defendants here pursuant to 28 U.S.C. 1332(a)(1) as the Plaintiff does not share citizenship with either Defendant.  But the forum defendant rule applies if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought."  28 USC § 1441(b)(2).  Thus, because Defendant Manutti is undisputably a Pennsylvania citizen (*see* Doc. No. 1), the forum defendant rule applies.

*the defendant*, the court must remand the action to state court.") (emphasis added).  The preference for remand based on any defect in the removal process—whether jurisdictional or procedural—is reflected in the lack of appellate review for a remand order entered "on the basis of *any* defect" in removal.  *Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) (emphasis added) (citing 28 U.S.C. 1447(c)); *see also Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (holding that appellate review of a remand decision is barred if there is no subject matter jurisdiction or a defect in the removal procedure was the basis for remand).

Notably, courts outside of this Circuit have also viewed the remand requirement as binding despite a competing motion to transfer.  *Scialdone v. Marriott Int'l, LLC*, No. 19cv350, 2019 WL 3253509, at *2 (D. Md. July 19, 2019).  In *Scialdone*, the court granted plaintiff's motion to remand based on the forum defendant rule despite a subsequent motion to transfer venue.  *Id.*  The court reasoned that "even if the court may transfer pursuant to 28 USC § 1404," to do so would effectively allow defendants to remove the case "to a federal court to which they could not have removed it" when it was filed in state court.  *Id.*  In other words, allowing a motion to transfer undermines the purpose of the forum defendant rule—to preclude a home-state defendant from forum shopping under the pretense of removal.[3]  Here, we similarly will not allow Defendants to circumvent the strong presumption toward remand when there is a clear defect in the removal process.

---

[3] In its response to the motion to remand, Ocean Port argues that *Scialdone* is not applicable because the motion to transfer here is not based merely on forum convenience, but rather, to consolidate this case with a pending action in the District of New Jersey.  (Doc. No. 24 at 5).  But critically, Ocean Port does not engage with the reasoning that even if the motion to transfer is valid and appropriate under 28 USC § 1404, it cannot overcome the strong presumption toward remand.  And Plaintiff's reply points out that in the related case, Ocean Port "continues to contend that the District of New Jersey lacks jurisdiction, and that court has now ordered limited jurisdictional discovery on Ocean Port's principal place of business."  (Doc. No. 23 at 6.)  The Court agrees with Plaintiff that "Ocean Port does not explain what would become of this case if it were transferred to a court that may later conclude it lacks diversity jurisdiction over Ocean Port's own action."  (*Id.*)

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is granted.  An accompanying

Order follows.